# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY THOMAS, | : | |
| | : | Civil No. 1:10-CV-1217 |
| Petitioner | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| WARDEN R. MARTINEZ, | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

### I.      Statement of Facts and of the Case

This case comes before the Court on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, by Corey Thomas, an inmate currently incarcerated at the United States Penitentiary, Allenwood. Thomas is presently serving a 360-month federal drug sentence imposed upon him in the United States District Court for the Western District of North Carolina in 1995 after that court found that Thomas was a Career Offender. (Doc. 1.)  In his petition, Thomas invites this Court to embrace claims that have been repeatedly rebuffed by other courts, including the sentencing court that originally imposed sentence upon him and impose a different, and more lenient, sentence upon him than the sentence deemed appropriate by the court that actually heard his case. Because Thomas' request is procedurally inappropriate it is recommended that this petition for writ of habeas corpus be denied.

The factual background on this case is as follows: On May 19, 1995, Thomas, a criminal recidivist, entered a guilty plea to a charge of conspiracy to distribute cocaine base as part of a plea agreement with the United States in which the Government agreed to dismiss the remaining four drug trafficking and firearms charges which were then pending against him. (Doc. 7, Ex. 1, Docket for W.D.N.C. Criminal Case No. 3:94-CR-109, Pending Counts, Terminated Counts, Docket Entries 109, 110.) Following the entry of this guilty plea, on October 25, 1995, Thomas, who was found to be a Career Offender, was sentenced to a 360-month term of imprisonment followed by a five-year term of supervised release. (Doc. 7, Ex. 1, Docket Entry 137.)

Even prior to the imposition of this sentence, Thomas began the first of what would be multiple efforts to challenge this conviction and sentence when he filed a notice of appeal on September 20, 1995, one month prior to his sentencing. (Doc. 7. Ex. 1, Entry 133.) According to court records, Thomas' initial, direct appeal of this conviction and sentence was dismissed by the court of appeals on May 16, 1996. (Doc. 7, Ex. 1, Docket Entry 150.) Thomas then sought Supreme Court review of this conviction and sentence by pursuing a writ of certiorari to the United States Supreme Court. That petition for writ of certiorari, in turn, was denied by the Supreme Court in June of 1996. (Doc. 7, Ex 1, Docket Entry dated June 10, 1996.)

Undeterred, on April 24, 1997 Thomas filed a motion to vacate his sentence under 18 U.S.C. § 2255 with the United States District Court for the Western District of North Carolina. ( Doc. 7, Ex. 1, Docket Entry 157; Ex. 2, Docket for W.D.N.C. Civil Case No. 3:97-CV-00227, Docket Entry 1.) The district court which had sentenced Thomas denied this motion on July 31, 1998, reaffirming its view that Thomas was properly considered a Career Offender. (Doc. 7, Ex. 2, Docket Entries 7-9.)

Despite his lack of success in challenging this sentence on direct appeal or through a properly filed motion to vacate sentence, Thomas remained undeterred and continued to seek further relief from the sentencing court in North Carolina. Specifically, in February 2009, Thomas moved pursuant to 18 U.S.C. §3582 to reduce his sentence, citing the amended, retroactive crack cocaine guidelines. On April 6, 2009, the sentencing court denied this motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), citing and reaffirming Thomas' status as a Career Offender under the federal sentencing guidelines. (Doc. 7, Ex. 3, Order Regarding Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).) As the sentencing court explained, "Due to Defendant's classification as a Career Offender, he is entitled only to a one-point reduction under Amendment 706, which has no effect on his Guideline Range. Therefore, Defendant is not eligible for a sentence reduction." (Id.)

3

Thus, on four separate occasions over the past fourteen years, the federal courts, including the sentencing court in Thomas' case, have been invited by Thomas to re-consider his sentence and classification as a Career Offender. In each of these instances, the courts with direct jurisdiction over Thomas' case have declined these invitations to revisit, revise or review this sentence and sentencing finding.

Dissatisfied with the outcome of all of these prior proceedings, on June 9, 2010, Thomas filed the instant habeas corpus petition under 28 U.S.C. § 2241 with this Court, asserting that the sentencing court incorrectly enhanced his federal sentence by classifying him as a Career Offender under Section 4B1.1 of the United States Sentencing Guidelines because it improperly "used several non-countable prior convictions that petitioner obtained when he was under the age of (18) eighteen." (Doc. 1, Pet., 4.) Consequently, Thomas claims that he is "'actually innocent' of being a Career Offender," (Id. at 3), and asserts without further explanation that one of the remedies he unsuccessfully sought in the past, a motion under 28 U.S.C. § 2255, is inadequate and ineffective to address this sentencing issue. On the basis of this bald assertion, Thomas urges this Court to grant him relief through a writ of habeas corpus and set aside his sentence, which has been twice examined and upheld by the sentencing judge in this case

The parties have fully briefed this petition, (Docs. 1 and 7) and this matter is now ripe for resolution. For the reasons set forth below, it is submitted that Thomas' petition should be denied since all of the matters raised here are issues which have been, and by law properly should be, addressed by the original sentencing court pursuant to a motion to vacate or correct sentence brought under 28 U.S.C. § 2255.

**II. Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (1977) (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119

F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Indeed, it is now well-settled that Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). Indeed it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000))

Instead, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. See Davis v. United States, 417 U.S. 333, 343 (1974). Thus, federal inmates who wish to challenge the lawfulness of their sentences must typically file motions under § 2255. Moreover, motions for relief under § 2255 must be filed in the district court where the defendant was convicted and sentenced. See 28 U.S.C. § 2255(a) (motion must be filed in "the court which imposed the sentence").

This general rule admits of only one, narrowly-tailored, exception. A defendant denied relief under §2255 is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.

1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that Thomas makes in his petition do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of Thomas' claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrowly defined instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. Nothing in Thomas' petition suggests that this narrow exception has any legitimate application to the instant proceedings.

Nor can Thomas belatedly secure relief under §2241, after having been denied relief under §2255, by asserting that, while guilty of drug trafficking, he is "actually

innocent" of the Career Offender sentencing enhancement. Such arguments, while frequently made by federal inmates, are rarely embraced by the courts. Indeed, courts, including this Court, have repeatedly rebuffed efforts by prisoners to use §2241 to by-pass the requirements of §2255 based upon claims of "actual innocence" which relate solely to the application of some sentencing enhancement. See, e.g., Montes v. Holt, 179 F.App'x 824 (3d Cir. 2006); Sines v. Wilner, No. 09-1240, 2009 WL 2365406 (D. Col. July 31, 2009); Kennedy v. Miner, No. 06-314, 2006 WL 2645148 (M.D.Pa. Sept. 14, 2006). Therefore, these representations are simply insufficient to persuade the Court that 28 U.S.C. § 2255 was either ineffective or inadequate to enable Thomas to test the legality of his sentence.

At bottom, Thomas invites this Court to do something which is the responsibility of the sentencing court in North Carolina, and is something which that sentencing court has twice expressly refused to do. He asks us to eschew the Career Offender status that he gained through his own prior criminal recidivism, re-calculate his guidelines imprisonment range under the federal sentencing guidelines, and impose a new, different and more lenient sentence upon him.

We should decline this invitation, since Thomas has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence. Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, absent the

9

presentation of further facts or legal argument demonstrating an entitlement to relief, it is recommended that the Court dismiss this petition for lack of jurisdiction.

### III. Recommendation

For the reasons set forth above, it is RECOMMENDED that the Court deny Thomas' petition for a writ of habeas corpus (Doc. 1) on the grounds that the Court lacks jurisdiction to consider the petition.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

*S/Martin C. Carlson*<br>
Martin C. Carlson<br>
United States Magistrate Judge

Dated: July 19, 2010